UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| | | |
|---|---|---|
| LUIS OLAGE, | ) | CIV. 11-5011-JLV |
| | ) | |
| Petitioner, | ) | |
| | ) | ORDER DISMISSING CASE |
| vs. | ) | |
| | ) | |
| DOUGLAS WEBER, Warden, | ) | |
| South Dakota State Penitentiary, | ) | |
| and MARTY JACKLEY, Attorney | ) | |
| General of the State of South | ) | |
| Dakota, | ) | |
| | ) | |
| Respondents. | ) | |

**INTRODUCTION**

This matter is before the court pursuant to a petition under 28 U.S.C. § 2254 for a writ of habeas corpus filed by petitioner Luis Olage, *pro se*, on February 18, 2011. (Docket 1). Mr. Olage filed the necessary prisoner trust account reports as required by 28 U.S.C. § 1915 and makes application to proceed *in forma pauperis*. (Dockets 2 & 3).

Upon initial review of Mr. Olage's petition and the factual allegations contained in the petition, the court was unable to clearly understand the timeline between the state court conviction, the filing of the state court habeas proceedings, and the associated dates. Following review of the files from the Lawrence County Clerk of Court, the court, *sua sponte*, concludes Mr. Olage's petition should be dismissed due to the running of the one-year statute of limitations for filing a federal habeas petition under 28 U.S.C. § 2254.

**FACTS AND PROCEDURAL HISTORY**

The factual and procedural history of this case are limited to those events relevant to the statute of limitations issue.  This case arose in the Fourth Judicial Circuit Court, Lawrence County, South Dakota.[1]  Mr. Olage was charged by indictment on March 9, 2006, with Count I:  kidnapping (a class C felony) and Count II:  first degree robbery (a class 2 felony).[2]  (CR. #06-243).

At his arraignment before Circuit Court Judge Warren Johnson on March 21, 2006, Mr. Olage insisted on pleading guilty to both counts of the indictment.  (CR. #06-243, Arraignment Transcript).  Later that same day, Mr. Olage applied for court-appointed counsel and the Lawrence County Public Defender's Office was appointed to represent Mr. Olage.  (CR. #06-243).  On March 23, 2006, Judge Johnson allowed withdrawal of the guilty pleas.  Id., Motions Hearing Transcript.  On March 31, 2006, the court granted Mr. Olage's counsel's motion for a psychiatric evaluation and Dr. Stephen Manlove of Rapid City, South Dakota, was designated to complete the evaluation.  (CR. #06-243).

---

[1]Mr. Olage's state court criminal file number is CR. #06-243 and his state court habeas file numbers are Civ. #07-346 and Civ. #09-420.  The Lawrence County Clerk of Court did not separately index the documents contained in each file, so the court will refer generally to each particular file where pertinent.

[2]A class C felony has a maximum sentence of up to life imprisonment, a fifty thousand dollar fine, or both.  SDCL § 22-6-1(3).  A class 2 felony has a maximum sentence of up to twenty-five years imprisonment, a fifty thousand dollar fine, or both.  SDCL § 22-6-1(5).

On May 23, 2006, Mr. Olage and his attorney appeared before Judge Johnson pursuant to a plea agreement with the Lawrence County State's Attorney's Office. (CR. #06-243, Plea and Sentencing Transcript). Mr. Olage's attorney advised the court the evaluation found Mr. Olage competent. Id. at p. 9:11-17. Over his attorney's objection,[3] Mr. Olage decided to enter guilty pleas to kidnapping and first degree robbery with the potential imprisonment capped at fifty years and twenty-five years, respectively. After an extensive discussion of Mr. Olage's constitutional and statutory rights, Judge Johnson accepted the guilty pleas. Id. at p. 19:22-23. Based on Mr. Olage's requested waiver of a presentence report, Judge Johnson approved the plea agreement and sentenced Mr. Olage to fifty years on the kidnapping conviction and twenty-five years on the first degree robbery conviction, with the sentences to be served concurrently. Id. at p. 25:6-12. On May 24, 2006, the written Judgment of Conviction was filed with the Lawrence County Clerk of Court. CR. #06-243. There was no direct appeal filed with the South Dakota State Supreme Court and no petition for certiorari filed with the United States Supreme Court.

On May 23, 2007, Mr. Olage, *pro se*, signed his first state court habeas corpus petition.[4] (Civ.#07-346). The following is a summary of the grounds for this first petition:

---

[3] CR. #06-243, Plea and Sentencing Transcript, p. 3:1-4.

[4] The court gives Mr. Olage the benefit of the prison mailbox rule and will consider this date as the official filing date of the petition. See Miller v. Lincoln County, 171 F.3d 595, 596 (8th Cir. 1999).

    1.      Mr. Olage did not understand the terms and conditions of the plea agreement;

    2.      Mr. Olage was off his medications on the date of the guilty pleas and sentencing;

    3.      Defense counsel provided ineffective assistance because:

          A.      Counsel did not properly advise Mr. Olage of the consequences of the guilty pleas;

          B.      Counsel failed to advise Mr. Olage that his criminal history would be considered at sentencing;

          C.      It was known to defense counsel that Mr. Olage was mentally unfit;

          D.      The guilty pleas were entered without the benefit of effective counsel;

    4.      Mr. Olage suffered from depression on the date of the pleas and sentencing; and

    5.      Mr. Olage was incapable on that day of voluntarily and knowingly entering guilty pleas.

Id. On June 19, 2007, Circuit Court Judge Randall Macy entered an order denying the first petition because the "time to appeal not yet expired. SDCL 21-27-3.1." Id. On June 25, 2007, the Lawrence County Clerk of Court mailed a copy of that order to Mr. Olage at the South Dakota State Penitentiary. Id. There was no direct appeal filed with the South Dakota State Supreme Court and no petition for certiorari filed with the United States Supreme Court.

On June 11, 2009, Mr. Olage, *pro se,* signed a notice of appeal and motion for reconsideration as an "untimely Application for Writ of Habeas

4

Corpus . . . [p]ursuant to 'Doctrine of Equitable Tolling' and 'Ignorance of the Law' . . . ." (CR. #06-243). No action was taken on that filing.

On June 15, 2009, Mr. Olage, *pro se*, signed a second state court habeas petition.[5] (Civ. #09-420). The second petition sought relief on several grounds, summarized as follows:

1. Ineffective assistance of counsel:

    A. Mr. Olage was led to believe he would receive a maximum sentence of twenty-five years on both convictions;

    B. That deception made the guilty pleas involuntary;

    C. Counsel failed to get a fair plea agreement;

2. The state court had no jurisdiction over the crimes or Mr. Olage;

3. The convictions were in violation of due process because there was no proof beyond a reasonable doubt of the elements of the crimes;

4. Mr. Olage's criminal history improperly enhanced the ultimate sentences;

5. The judge should have accepted a plea to false imprisonment, a lesser-included offense, and not kidnapping;

6. The judge should have accepted a plea to theft by threat or second degree robbery, as lesser-included offenses, and not first degree robbery;

---

[5]Again, the court will give Mr. Olage the benefit of the prison mailbox rule, using June 15, 2009, as the relevant "filing date." See footnote 4 supra.

    7.        The judge failed to consider the aggravating and mitigating factors required of death penalty cases, and those factors were not considered at Mr.Olage's sentencing;

    8.        The judge failed to properly canvass Mr. Olage as to all of his constitutional and statutory rights before the guilty pleas were accepted; and

    9.        The judge failed to advise Mr. Olage of his thirty-day right of direct appeal to the South Dakota Supreme Court.

Id.  On July 22, 2009, Circuit Court Judge John Bastian appointed attorney Bruce Hubbard to represent Mr. Olage on the second state court habeas petition.  Id.

On October 19, 2009, with Mr. Olage and Attorney Hubbard present, Judge Bastian held an evidentiary hearing on the petition.  On March 11, 2010, Judge Bastian filed a memorandum opinion detailing the facts surrounding Mr. Olage's pleas and the sentences imposed by Judge Johnson and denying relief under the second habeas petition.  Id.  On May 11, 2010, Judge Bastian entered findings of fact, conclusions of law and an order denying the petition.  Id.  On October 18, 2010, the South Dakota Supreme Court entered an order denying Mr. Olage's motion for a certificate of probable cause.  Id.  The federal habeas petition was signed on December 29, 2010, and placed in the prison mail system on January 13, 2011.  (Docket 1).  It was filed with the clerk's office on February 18, 2011.  Id.

**DISCUSSION**

The Antiterrorism and Effective Death Penalty Act (AEDPA) requires that state prisoners seek federal habeas relief within one year of the date their state court conviction becomes final.  See 28 U.S.C. § 2244(d)(1)(A).  A state court conviction becomes final for purposes of AEDPA when all direct appeals in the state system are final, followed by 90 days during which a petition for certiorari to the United States Supreme Court may be filed.  Curtiss v. Mount Pleasant Correctional Facility, 338 F.3d 851, 853 (8th Cir. 2003).  The one-year AEDPA statute of limitations begins to run after the state conviction is final, is tolled while the state habeas proceedings are pending, and then begins running again when the state habeas proceedings become final.  See 28 U.S.C. § 2244(d)(2); Curtiss, 338 F.3d at 854.

Because there was no direct appeal to the South Dakota Supreme Court and no petition for certiorari filed with the United States Supreme Court following the judgment of conviction, the state court conviction became final on September 23, 2006, for AEDPA purposes.  There was no tolling of the AEDPA statute of limitations from September 24, 2006, to the time Mr. Olage filed his first state court habeas petition on May 23, 2007.  As of that date, a total of 241 days counted against the AEDPA statute of limitations.

On May 24, 2007, the statute of limitations was tolled when Mr. Olage filed his first state court petition and remained tolled until entry of Judge

Macy's order denying relief on October 24, 2007. The court also allows Mr. Olage credit for three days, under the mailbox rule, following the mailing of Judge Macy's order to the penitentiary by the Lawrence County Clerk of Court. Although there was no direct appeal to the South Dakota Supreme Court and no petition for certiorari filed with the United States Supreme Court, the court allows Mr. Olage credit for 120 days for those unused options.

By the time Mr. Olage filed his second state court habeas petition on June 11, 2009, an additional 604 days had elapsed. By June 11, 2009, a total of 845 days elapsed under the AEDPA.

After the conclusion of the second state court habeas proceeding and with credit for appeal times, an additional 63 days elapsed before Mr. Olage's federal habeas petition was placed in the prison mail system on January 13, 2011. In total, 908 days must be assessed under the AEDPA. There is no question the AEDPA statute of limitations has expired. Mr. Olage's federal habeas petition was not timely filed under the AEDPA. 28 U.S.C. § 2244(d)(1)(A).

The one-year AEDPA statute of limitations is not a jurisdictional bar. Baker v. Norris, 321 F.3d 769, 771 (8th Cir. 2003). The time limit is subject to equitable tolling when "extraordinary circumstances" beyond a prisoner's control make it impossible to file a petition on time. Id. A petitioner seeking equitable tolling must show (1) that he has been pursuing his rights diligently,

and (2) that some extraordinary circumstance stood in his way. Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005).

Everyone, even a *pro se* prisoner, is presumed to know the law and is subject to the law. Baker v. Norris, 321 F.3d 769, 772 (8th Cir. 2003) (citing Fisher v. Johnson, 174 F.3d 710, 714 (5th Cir. 1999)). Mr. Olage makes no claim of equitable tolling. The fact Mr. Olage pursued his state habeas petitions gives rise to the inference he could have filed his federal habeas petition in a timely fashion.

Even if the court determined the AEDPA statute of limitations had not expired, Mr. Olage's federal habeas petition must be dismissed. Section 2254(d) provides the standard by which a federal court may grant habeas corpus relief to a person in state custody. This section reads:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim--
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). In reviewing a petition for writ of habeas corpus filed by a person in state custody, a federal court may "exercise only limited and deferential review of the underlying state court decisions. Under this

deferential standard, the federal court may not grant habeas relief to a state prisoner merely because the federal court might have reached a conclusion different than that reflected in the state courts' factual determinations." Lomholt v. Iowa, 327 F.3d 748, 751 (8th Cir. 2003) (internal citation omitted).

The second state habeas court addressed all of the issues raised in Mr. Olage's federal habeas petition. Factual determinations made by the state court are considered correct and binding in a section 2254 action if fairly supported by the record, unless rebutted by clear and convincing evidence. 28 U.S.C. § 2254(e)(1)). After an evidentiary hearing on the second state court petition, Judge Bastian filed a memorandum decision, findings of fact, conclusions of law and an order denying each of Mr. Olage's claims. The state habeas court relied on and properly applied clearly established federal law to decide each of Mr. Olage's claims. Morales v. Ault, 476 F.3d 545, 549 (8th Cir. 2007) (the court "may not grant a writ of habeas corpus unless the state court's decision 'was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States' or the state court's decision 'was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.' ") (citing 28 U.S.C. §§ 2254(d)(1) and (2)).

If the federal habeas petition had properly identified the dates of conviction and the filing of the state habeas proceedings, as well as the results of those proceedings, it would have been clear from the face of the petition "that the petitioner is not entitled to relief in the district court," thereby

warranting summary dismissal pursuant to Rule 4 of the Rules Governing Section 2254 Cases.

## ORDER

Based on the above analysis, it is hereby

ORDERED that the petition under 28 U.S.C. § 2254 for a writ of habeas corpus by a person in state custody (Docket 1) is dismissed with prejudice.

IT IS FURTHER ORDERED that the motion to proceed *in forma pauperis* (Docket 3) is denied as moot.

IT IS FURTHER ORDERED that the motion to appoint counsel (Docket 10) is denied as moot.

IT IS FURTHER ORDERED that, pursuant to 28 U.S.C. § 2253(c) and Rule 11 of the Rules Governing Section 2254 Cases in the United States District Courts, the court declines to issue a certificate of appealability as Mr. Olage has not made a substantial showing of the denial of a constitutional right.  Mr. Olage may timely seek a certificate of appealability from the United States Court of Appeals for the Eighth Circuit under Fed. R. App. P. 22.  See Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts.

Dated April 27, 2011.

BY THE COURT:

/s/ *Jeffrey L. Viken*
JEFFREY L. VIKEN
UNITED STATES DISTRICT JUDGE